Thomas A. Aubelio, J.
This is a motion for an order striking out the answer of defendant Bichard G-. Terker and for summary judgment in favor of plaintiff against Bichard G-. Terker as prayed for in the complaint.
The action is on a promissory note for $25,000, payable after date on demand, made on November 23, 1959 by defendants Jack B. Dick and Lynda Dick, payable to plaintiff, and indorsed by the defendant Terker, and delivered, so indorsed, to plaintiff on November 23, 1959. The note was given in order to secure an extension of time in which to meet certain requirements for the deposit of additional collateral security under an agreement and two other notes relating to 4,100 shares of certain stock. Payment of the note having been refused, the note was duly protested for nonpayment. Defendant Terker admits indorsing the note and denies the other material allegations of the complaint, and sets up three affirmative defenses and a counterclaim against plaintiff and a cross claim against his codefendants in the event plaintiff is successful, pursuant to section 264 of the Civil Practice Act.
Pursuant to the terms of such agreement, which was dated August 28, 1959, in writing, between the Dicks and Edward Bosendahl, plaintiff as the representative of Edward Bosendahl, by letter dated November 20, 1959, demanded that the Dicks deposit with him at his office on Monday morning, November 23, 1959, at 10:00 a.m., the sum of $7,000 by cash or certified check, because of the decline in price of the stock. Another such letter, bearing the same date, was sent to defendants, requiring them to deposit the additional sum of $7,900 by cash or certified check on Monday morning, November 23, 1959, at 10:00 a.m., in connection with two other notes to plaintiff for $31,800 and $40,838.54, respectively, collateralized by certain *272 shares of stock which also had declined in price. Defendant Jack B. Dick contacted plaintiff at his home on Sunday, November 22, 1959, requesting an additional 24 hours beyond the deadline of Monday, November 23, 1959, at 10:00 a.m. set in the two foregoing letters and offered plaintiff his demand note for $25,000, which plaintiff refused for lack of confidence in his ability to pay the same. To induce plaintiff to grant the extension, defendant Jack B. Dick said he would secure the indorsement of his note by his brother-in-law, the defendant Terker, representing to plaintiff that Terker was worth in excess of $1,000,000. Satisfied with Terker’s indorsement, plaintiff agreed to this and, as promised, Dick delivered his note to plaintiff, indorsed by Terker, on November 23, 1959, about 10:00 a.m. That this is so is confirmed by defendant Jack B. Dick’s handwritten letter dated November 23, 1959, which reads as follows: “ I have received your letters demanding margin. I request you give me an additional 24 hours, and to induce you to do so, I am sending you my demand note for $25,000, duly endorsed by my brother-in-law Bichard Gr. Terker.
“ Mr. Terker is worth in excess of one million dollars and he endorsed this note to make the said inducement to extend the additional 24 hours.
Very truly yours,
Jack B. Dick.”
Defendant Terker’s contention that he had no knowledge whatsoever that there existed a so-called August 28, 1959 agreement between the Dicks and Mr. Bosendahl, and that he did not know that the note in question covered both transactions, is no defense to this action. The note was given for a good and valuable consideration. Terker contends that in a conversation with plaintiff (denied by plaintiff) and defendant Jack B. Dick, before he indorsed the note, he was told by both plaintiff and defendant Jack B. Dick, and made clear by them, that he, Terker, was indorsing a note in connection with a transaction relating to 1,300 shares of Carpenter Steel stock had between Jack B. Dick and plaintiff, and nothing else, and that he indorsed the note as an accommodation for plaintiff. The record as a whole belies both of these contentions. On the other hand, the record establishes that the note was delivered to and accepted by plaintiff with defendant Terker’s indorsement thereon, in accordance with the agreement he made with Terker’s brother-in-law, Jack B. Dick, on Sunday, November 22, 1959, to the effect that he, plaintiff, would accept the note with Terker ’s indorsement °in consideration for the requested extension *273 (corroborated by Jack R. Dick’s aforesaid letter dated November 23, 1959). Plaintiff is not bound by anything Jack R. Dick may have said, if anything was said, to Terker when he secured his indorsement.
The fact that the examination before trial of defendant Terker by plaintiff has not been completed is no bar to this motion. Enough is established to warrant granting plaintiff’s motion. And the fact that this motion is against Terker only is likewise no bar. Terker, if so advised, may move for similar relief against his codefendants.
It having been established that the answer is sham and that there is no defense to this action, plaintiff’s motion for summary judgment is granted in favor of plaintiff against defendant Terker, as prayed for in the complaint.